UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
                                          *
HARLEY KUEHL,                             *
                                          *
          Plaintiff,                      *
                                          *     Civ. No.: 1:2017-cv-00128
     v.                                   *
                                          *     Jury Trial Demanded
CLAREMONT CONCORD RAILROAD                *
CORP. and NEW ENGLAND CENTRAL             *
RAILROAD, INC.,                           *
                                          *
          Defendants.                     *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## COMPLAINT

NOW COMES the Plaintiff, Harley Kuehl, by and through his attorneys, Coughlin, Rainboth, Murphy & Lown, P.A., and complains against the Defendants, Claremont Concord Railroad Corp. and New England Central Railroad, Inc., as follows:

## PARTIES

1. The Plaintiff, Harley Kuehl, is an individual with a principal residence located in the State of Vermont.

2. Upon information and belief, the Defendant, Claremont Concord Railroad Corp. ("CCRC"), is a Nevada corporation registered to do business in New Hampshire as a foreign corporation with a principal place of business located at 1029 Lancaster Avenue, Colombia, Pennsylvania.

3. Upon information and belief, the Defendant, New England Central Railroad, Inc. ("NECR"), is a Delaware corporation registered to do business in New Hampshire as a foreign corporation with a principal place of business at 2 Federal Street, St. Albans, Vermont.

## JURISDICTION AND VENUE

4. The Plaintiff brings this action under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.* This Court has jurisdiction over this action pursuant to 45 U.S.C. § 56 and 28 U.S.C. §1331.

5. Venue is proper in this forum by way of 45 U.S.C. § 56 because the Plaintiff's cause of action arose in the District of New Hampshire.

**GENERAL ALLEGATIONS**

6. At all times mentioned, CCRC was a common carrier by railroad engaged in interstate commerce.

7. At all times mentioned, NECR was a common carrier by railroad engaged in interstate commerce.

8. At all times mentioned, the Plaintiff was employed by CCRC in such interstate commerce as a locomotive engineer.

9. On June 4, 2014, the Plaintiff was part of a crew of CCRC employees who were assigned to unload a train car that contained a load of cement powder.

10. The train car was positioned over an augur lift in a rail-to-road transfer station located in West Lebanon, New Hampshire. At all times mentioned, upon information and belief, this rail-to-road transfer station was owned and operated by CCRC.

11. A CCRC employee then positioned a boot lift around a funnel on the underside of the train car.

12. Upon information and belief, the boot lift was in a state of disrepair and/or not properly positioned.

13. As the contents of the train car began to drain down to the augur lift below, upon information and belief, several hundred pounds of concrete dust spilled out onto the floor of the transfer station.

14. Upon information and belief, a CCRC employee proceeded to clear away this concrete dust with an air hose, causing a large cloud of dust to form.

15. Blinded by this dust cloud, the Plaintiff tripped over a rail and fell down an uncovered stairwell that was approximately seven feet deep.

16. At the time of this incident, there were no railings, signs, or other safety equipment that would mitigate the risk of workers falling down the uncovered stairwell.

17. Days after the accident, upon information and belief, a CCRC employee placed a steel grate over the opening of the stairwell.

18. On or around July 6, 2015, upon information and belief, NECR purchased CCRC and assumed all of CCRC's liabilities.

### COUNT I v. CCRC & NECR
### (45 U.S.C. § 51)

19. The Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 18 above as if fully set forth herein.

20. On June 4, 2014, and at all relevant times, the Defendants were subject to the FELA and owed a duty of care to the Plaintiff to provide him with a reasonably safe place in which to work.

21. The Defendants recklessly, negligently, and unlawfully breached this duty by failing to use proper safety measures to reduce the risk of its employees falling down the stairwell.

22. As a direct and proximate result of the Defendant's negligence, the Plaintiff fell down the stairwell and sustained severe personal injuries.

23. As a result of these injuries, the Plaintiff has suffered great pain of body and mind, underwent medical care and treatment, and expended monies for such care and treatment. In light of his injuries, the Plaintiff's ability to enjoy his life has been adversely affected. The Plaintiff was also caused to suffer a loss of wages and a loss of earning capacity.

WHEREFORE, the Plaintiff respectfully requests this Court for a judgment against the Defendants, CCRC and NECR, in an amount to be determined at a jury trial, together with attorneys' fees, interest, and costs.

                                        Respectfully submitted,
                                        HARLEY KUEHL

                                        By his attorneys,
                                        COUGHLIN, RAINBOTH, MURPHY & LOWN, P.A.

Dated: March 31, 2017             /s/ Bradley M. Lown
                                        Bradley M. Lown (Bar No. 1518)
                                        439 Middle Street
                                        Portsmouth, NH 03801
                                        (603) 431-1993
                                        lown@nhtrialattorneys.com